ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 NOV 17 A 8:33
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMON WALI EPPS, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 306-008 (CR 305-004) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Jamon Wali Epps ("Petitioner") filed the instant motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America ("the government").

## I. BACKGROUND

On June 16, 2005, Petitioner pled guilty to possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). United States v. Epps, CR 305-004 (S.D. Ga. June 16, 2005). The Honorable Dudley H. Bowen, Jr., United States District Judge, subsequently sentenced Petitioner to 144 months' imprisonment and imposed a $3,000 fine. Petitioner did not appeal.

Thereafter, Petitioner filed the instant § 2255 motion, arguing that (1) his counsel was ineffective for failing to (a) challenge federal jurisdiction and congressional intent in his criminal case, (b) research a United States v. Booker, 543 U.S. 220 (2005), issue, (c) challenge the constitutionality of the search leading to his arrest, and (d) file an appeal of his sentence, (2) his indictment failed to establish federal jurisdiction, (3) there was a "lack of congressional intent," and (4) he was actually innocent of the charges for which he was convicted. The Court thereafter held an evidentiary hearing on Petitioner's ineffective-assistance claim relating to the notice of appeal.

## II. DISCUSSION

### A. Request for Direct Appeal

Petitioner asserts that his counsel was ineffective for failing to appeal his sentence. Specifically, Petitioner claims that he instructed his trial counsel to appeal his sentence, but counsel failed to file the appeal.

Cases in which a criminal defendant explicitly instructs his attorney to file a notice of appeal are subject to a bright-line rule. "[A]n attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (noting that an attorney "who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . Counsel's failure to do so cannot be considered a strategic decision. . . . However,

a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.").

During an evidentiary hearing on this issue, Petitioner's trial counsel testified that because Petitioner had violated a condition of his release by twice testing positive for marijuana use, Petitioner faced a Guidelines range of 168-210 months' imprisonment. Prior to Petitioner's sentencing hearing, counsel discussed with him the fact that if Judge Bowen sentenced Petitioner above this Guidelines range, he would file an appeal of Petitioner's sentence. However, Judge Bowen chose to depart significantly downward from the Guidelines range and instead sentenced Petitioner to 144 months' imprisonment. Counsel further testified that following Petitioner's sentencing hearing, although he did not attempt to see Petitioner, Petitioner never contacted him, either by phone or letter, or otherwise indicate to counsel that he wanted to appeal his sentence.

Moreover, counsel testified that Petitioner's mother, Sylvia Epps ("Ms. Epps"), contacted him approximately one month after the hearing with a question regarding Petitioner's bond money, at which time she informed counsel that she was going to contact another attorney to look at Petitioner's case. Counsel stated that Ms. Epps never asked him to appeal Petitioner's sentence on Petitioner's behalf. Further, counsel testified that had Petitioner asked him to file an appeal, counsel would have discussed with Petitioner the danger of appealing -- because Judge Bowen had significantly departed from the Guidelines range, the Eleventh Circuit may have determined that such a downward departure was unreasonable, remanded the case for resentencing, and Petitioner might have ended up with a higher sentence.

To counter counsel's testimony, Petitioner submitted two affidavits for the Court to review. First, Petitioner submitted his own affidavit, wherein he states, in relevant part, that he asked counsel to "appeal everything" and counsel told him that he would look into Petitioner's case to see if there were any appealable issues, but counsel had not contacted Petitioner. (Doc. no. 1, Pet. Aff., p. 1). Petitioner further states that he told Ms. Epps to call counsel to ask about his appeal, but counsel would not take her calls and would not call her back. (Id.). Petitioner also submitted Ms. Epps's affidavit, wherein she states that Petitioner asked her to call counsel regarding Petitioner's appeal, and although she called counsel, counsel would not return her phone calls. (Doc. no. 1, Ms. Epps Aff.).

Based on the above testimony, the threshold issue becomes credibility. When the testimony conflicts, the Court, as fact finder and "ultimate judge of the credibility and demeanor of witnesses," must believe one witness over the other. McCoy v. Newsome, 953 F.2d 1252, 1262 (11th Cir. 1992) (*per curiam*). Based on the evidence before the Court and the testimony presented at the evidentiary hearing, the Court specifically credits the testimony of trial counsel over that of Petitioner and Ms. Epps. Counsel negotiated a favorable plea agreement that resulted in a sentence of imprisonment (144 months) that was two years less than the low end of Petitioner's Guidelines range (168-210 months). Had counsel appealed Petitioner's sentence, Petitioner faced the possibility that the Eleventh Circuit would determine that Judge Bowen's downward departure from the Guideline range was unreasonable, and upon resentencing, Petitioner would have faced a greater sentence. If such an event happened, Petitioner may have had a viable ineffective-assistance claim against counsel for actually filing an appeal of his sentence.

Furthermore, Petitioner had no direct evidence, other than his statements in his affidvait, to support his testimony that he had asked defense counsel to file an appeal. Specifically, although Petitioner claims that he and Ms. Epps had contacted counsel, Petitioner has not produced any documentary evidence that such conversations took place. Moreover, counsel testified that although Ms. Epps did contact him, the subject of their conversation was Petitioner's bond money and Ms. Epps's informing counsel that she was going to have another attorney look over Petitioner's case. Petitioner has not submitted any evidence that counsel and Ms. Epps discussed subjects other than those testified to by counsel. Even if Ms. Epps had asked counsel to file an appeal during this conversation, counsel testified that this conversation took place approximately one month after Petitioner was sentenced, well after the time for filing a notice of appeal expired. Accordingly, Petitioner's ineffective-assistance claim should be denied.

**B. Jurisdiction and Congressional Intent**

Petitioner also claims that his indictment failed to establish federal jurisdiction and that there was a lack of "congressional intent." He claims that pursuant to the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995),[1] 21 U.S.C. § 841, the statute under which Petitioner was convicted, constitutes an inappropriate application of congressional Commerce Clause power and that the crime in this case was committed entirely within the State of Georgia; thus, the Court lacked jurisdiction to convict him. The

[1] The Court in Lopez held that 18 U.S.C. § 922(q), the Gun-Free School Zones Act, was an inappropriate exercise of congressional Commerce Clause power because the behavior proscribed under the statute contained no connection to interstate commerce. Lopez, 514 U.S. at 561.

Eleventh Circuit, however, has refused to extend Lopez to drug crimes, finding that the "illegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity." United States v. Jackson, 111 F.3d 101, 102 (11th Cir. 1997) (citation omitted); see also Gonzales v. Raich, 545 U.S. 1, 25 (2005) (declining to extend Lopez to the Controlled Substances Act because activities regulated therein are "quintessentially economic," and therefore affect interstate commerce). Moreover, Petitioner otherwise admitted to facts establishing the territorial jurisdiction of the Southern District of Georgia in his plea agreement (Cr. Doc. 29, pp. 3-4) and at his Rule 11 hearing (R. 11 Tr., pp. 11-15). Accordingly, Petitioner's claim fails.

**C. Procedurally Barred Claims**

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (*per curiam*) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (*per curiam*) (citation omitted). Furthermore, alleged errors concerning the Sentencing Guidelines are not generally cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995). However, despite these restrictions on raising previously available challenges,

ineffective assistance of counsel claims may be raised for the first time in collateral proceedings. Massaro v. United States, 538 U.S. 500, 509 (2003).

Therefore, other than an ineffective-assistance-of-counsel claim, if a ground for relief was available on appeal, the district court may not consider the ground under § 2255 unless the petitioner can establish (1) cause for not raising the ground on appeal, and (2) actual prejudice resulting from the alleged error. United States v. Frady, 456 U.S. 152, 167-68 (1982); see also Montano, 398 F.3d at 1280. Alternatively, § 2255 review may be had under the "fundamental miscarriage of justice" exception, under which the extraordinary case must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ." Murray v. Carrier, 477 U.S. 478, 495-96 (1986); see also Montano, 398 F.3d at 1280.

As Petitioner did not file a direct appeal concerning claims related to Booker or the search of his vehicle, any substantive arguments concerning these two issues are procedurally barred in this § 2255 proceeding unless Petitioner can show cause and actual prejudice for his failure, see Frady, 456 U.S. at 167, or can otherwise meet the actual innocence exception recognized in Murray, 477 U.S. at 495-96.[2] Notably, a showing that an attorney's performance was constitutionally deficient, coupled with a showing of prejudice, can satisfy the cause and prejudice standard and thereby excuse a procedural default. Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997). However, Petitioner has failed to allege cause

---

[2] It appears that Petitioner may have attempted to raise these substantive claims in his § 2255, but cloaked them in ineffective-assistance terms. To the extent that Petitioner did, in fact, raise these as substantive claims, they are procedurally barred. A discussion of these claims as ineffective-assistance claims is addressed more fully below.

and prejudice for his failure to raise these issues on direct appeal. Further, although Petitioner appears to make a claim of actual innocence, because he does not provide any argument, other than a general statement of actual innocence, as to why he is actually innocent, his claim is conclusory and does not overcome the procedural bar. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that mere conclusory claims and allegations unsupported by specifics are insufficient to entitle a petitioner to habeas relief). Therefore, any substantive claims regarding a potential Booker issue or the search of his vehicle are procedurally barred.

**D. Effective Assistance of Counsel**

To establish ineffective assistance of counsel, Petitioner must meet a two-part test. Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Tollett v. Henderson, 411 U.S. 258, 266 (1973) ("If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'"). In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Strickland, 466 U.S. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In the context of a guilty plea, the Court must

normally inquire as to whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985) (quoting Strickland, 466 U.S. at 697). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable -- is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*) (quotation omitted). "[C]ases in which habeas

petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511 (citation omitted).

Because determining whether Petitioner suffered prejudice hinges upon the validity of the underlying claims, see Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990), the Court will review the merits of the claims underlying Petitioner's claims of ineffective assistance of counsel that remain.

**1. Jurisdiction and Congressional Intent**

Petitioner claims that his counsel was ineffective for failing to object to the indictment on jurisdictional grounds and lack of "congressional intent." However, as outlined above, even if counsel had objected on these grounds, Petitioner would not have prevailed. Therefore, Petitioner cannot establish prejudice and his claim on this point should fail.

**2. Sentencing Guidelines**

Further, Petitioner argues that his counsel was ineffective for failing to research a potential Booker claim. Specifically, he asserts that the Court applied the Guidelines in a mandatory fashion, to which counsel failed to object. The Court likewise finds no merit to this ineffective-assistance-of-counsel claim. Despite the fact that Petitioner had twice tested positive for marijuana use while on bond, in violation of his conditions of release,[3] Judge Bowen sentenced Petitioner well below the advisory Guideline range of 168-210 months. (Cr. Doc. 31, p. 2). Thus, the record does not support any challenge that Petitioner's counsel might have made to Petitioner's sentence as being a "mandatory" application of the

[3] The Order setting Petitioner's conditions of release states that "defendant shall refrain from any use of unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 801 unless prescribed by a medical practitioner." (Cr. Doc. 5, p. 2).

Sentencing Guidelines in contravention of Booker. His ineffective-assistance claim relating to the Sentencing Guidelines accordingly lacks merit.

**3. Search of Petitioner's Vehicle**

Furthermore, Petitioner claims that his counsel was ineffective for failing to challenge the constitutionality of the search leading to Petitioners's arrest. A valid guilty plea, however, waives constitutional challenges to evidence seized prior to the entry of the guilty plea.[4] See United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984) (noting that a defendant's knowing and voluntary, unconditional plea of guilty waives all nonjurisdictional defects in the proceedings up to the point that the plea is entered); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (noting that as a result of the waiver, "only an attack on the voluntary and knowing nature of the plea can be sustained" (citation omitted)).

In order to get around this procedural bar, Petitioner cloaks his argument in terms of ineffective assistance. As noted above, in order to prove the prejudice prong of ineffective assistance, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. However, Petitioner has not stated, in any way, that had his counsel challenged the constitutionality of the search, he would not have pled guilty and would have insisted on going to trial. Because Petitioner failed to make such an argument, he is not entitled to relief on this claim.[5]

---

[4] Petitioner does not challenge the knowing and voluntary nature of his guilty plea.

[5] It should be noted that based on the facts presented in the Pre-Sentence Investigation Report, even if Petitioner had challenged the evidence seized at the time of his arrest, he would not have been entitled to relief. The facts indicate that law enforcement officers had probable cause to search Petitioner's vehicle based on the smell of marijuana emanating from Petitioner's vehicle and the fact that Petitioner had admitted to recently smoking marijuana.

**D. Actual Innocence**

Finally, in his § 2255 motion, Petitioner appears to make a claim of actual innocence when he asserts that, "Petitioner is actually innocent of committing any actions on Federal Territory." (Doc. no. 1, p. 4). Because Petitioner is proceeding *pro se*, his § 2255 motion should be liberally construed; therefore, the Court will address Petitioner's statements as a claim of actual innocence. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (noting that *pro se* pleadings must be liberally construed). First, because Petitioner does not provide any argument, other than the above statement, as to why he is actually innocent, his claim is conclusory and does not form the basis for habeas relief. See Tejada, 941 F.2d at 1559 (noting that mere conclusory claims and allegations unsupported by specifics are insufficient to entitle a petitioner to habeas relief).

Moreover, Petitioner's claim also fails because the Eleventh Circuit has determined that a free-standing actual innocence claim cannot be brought as a substantive claim in a habeas action. See Montano, 398 F.3d at 1284 ("[a]ctual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure [to] timely [] file his § 2255 motion"); Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002) (holding that "[i]t is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial"); but see Herrera v. Collins, 506 U.S. 390, 417 (1993) (assuming, for the sake of argument, "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution

---

See United States v. Goddard, 312 F.3d 1360, 1363 (11th Cir. 2002) (citation omitted) ("Probable cause for a search exists when under the totality of the circumstances 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" (citation omitted)).

of a defendant unconstitutional, and warrant federal habeas relief"). Accordingly, Petitioner's claim should be denied.

## III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the government.

SO REPORTED and RECOMMENDED this 17th day of November, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE